UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SHU WEI DONG,

        Petitioner,

    v.

OSCAR AVILES,

        Respondent.

Civil Action No. 14-1862 (WJM)

**MEMORANDUM OPINION**

**MARTINI, District Judge**:

    1. On March 14, 2014, Shu Wei Dong signed his second Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his detention since February 8, 2013, at Hudson County Correctional Facility in New Jersey by the Department of Homeland Security ("DHS"). He asserts in the Petition that he entered the United States in 2005, and on February 8, 2013, DHS issued a notice to appear for removal and took him into custody. Attached to the Petition is an application for issuance of an order to show cause wherein Mr. Dong asserts that a final order of removal was issued on September 3, 2013. (ECF No. 1-1 at 1.)

    2. This § 2241 Petition is essentially the same as the § 2241 petition Mr. Dong filed on or about February 26, 2014. *See Dong v. Aviles,* Civil No. 14-1336 (WJM) (D.N.J. filed Mar. 3, 2014). On March 10, 2014, this Court dismissed Mr. Dong's first § 2241 petition because he did not allege facts showing that his detention since February 8, 2013, violated the Constitution, laws or treaties of the United States. *See Dong,* Civil No. 14-1336 (WJM) opinion (D.N.J. Mar. 10, 2014). This Court noted in its Opinion that the dismissal was without prejudice to the filing of a new § 2241 petition (in a new case), in the event that Mr. Dong was able to allege facts showing either (a) his order of removal is not administratively final and his pre-removal-period detention

without a bond hearing has become unreasonably prolonged within the meaning of *Diop v. ICE/Homeland Sec.,* 656 F.3d 221 (3d Cir. 2011), or (b) his order of removal is administratively final, Mr. Dong has been detained for more than six months since his order of removal became administratively final, and there is no significant likelihood of his removal in the reasonably foreseeable future within the holding of *Zadvydas v. Davis,* 533 U.S. 678, 701 (2001).

3. In the Petition presently before this Court, Mr. Dong again challenges his detention since February 8, 2013, without a bond hearing. First, as in his first petition, Mr. Dong argues that he is not subject to mandatory pre-removal-period detention pursuant to 8 U.S.C. § 1226(c) because DHS did not take him into custody when he was released from criminal incarceration. Second, he argues that he is not subject to mandatory pre-removal-period detention pursuant to 8 U.S.C. § 1226(c) because he has a substantial challenge to his removal. Third, he argues that his detention is not statutorily authorized because he has been detained beyond the period of time reasonably necessary to conclude his removal proceedings and he has been detained for a prolonged period of time without a constitutionally adequate hearing. Fourth, he argues that his detention violates due process because he has not received a hearing where the government established that he poses a danger to the community or a risk of flight.

4. This Court has subject matter jurisdiction over the Petition under § 2241 because Petitioner was detained within its jurisdiction in the custody of the DHS at the time he filed his Petition, *see Spencer v. Kemna*, 523 U.S. 1, 7 (1998), and he asserts that his detention violates federal law and his constitutional rights. *See Bonhometre v. Gonzales*, 414 F.3d 442, 445-46 (3d Cir. 2005).

5. In accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b), *see* 28 U.S.C. § 2254 Rules 1(b), this Court has screened the Petition for dismissal. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."). This Court will summarily dismiss Mr. Dong's second Petition without prejudice because, like his first petition, this Petition does not assert facts showing that his detention violates the Constitution, laws or treaties of the United States. *See* 28 U.S.C. § 2241(c)(3).

6. As this Court explained in the Opinion dismissing Mr. Dong's first petition, the statutory authority for immigration detention varies, depending on where the petitioner is in the removal process. Detention prior to the date the removal order is final is governed by 8 U.S.C. § 1226 and detention after the removal order becomes final is governed by 8 U.S.C. § 1231.

7. Because Mr. Dong asserts in the present Petition that his removal order became final on September 3, 2013[1] (ECF No. 1-1 at 1), as of September 3, 2013, Mr. Dong's detention was no longer governed by 8 U.S.C. § 1226, but became authorized by 8 U.S.C. § 1231. This is because, unless a Court of Appeals has stayed an alien's removal, the 90-day removal period begins on the date the order of removal becomes administratively final.[2] *See* 8 U.S.C. § 1231(a)(1)(B). Significantly, § 1231(a)(2) requires DHS to detain aliens during this 90-day removal period. *See* 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien").

---

[1] An order of removal becomes "final upon the earlier of - (i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." 8 U.S.C. § 1101(a)(47)(B); *see also* 8 C.F.R. § 1241.1; *Giraldo v. Holder*, 654 F.3d 609, 611 (6th Cir. 2011); *Hakim v. Holder*, 611 F.3d 73, 77 (1st Cir. 2010); *Chupina v. Holder*, 570 F.3d 99, 103 (2d Cir. 2009); *United States v. Calderon-Minchola*, 351 F. App'x 610, 611 n.1 (3d Cir. 2009).

[2] Nothing alleged by Mr. Dong indicates that he filed a petition for review in the Court of Appeals or that the Court of Appeals has stayed his removal.

In this case, since Mr. Dong asserts that his removal order became final on September 3, 2013, § 1231(a)(2) required DHS to detain Mr. Dong during his 90-day removal period, which ran from September 3, 2013, until December 3, 2013.

8. If DHS does not remove an alien during the 90-day removal period, then § 1231(a)(6) authorizes DHS to thereafter release the alien on bond or to continue to detain the alien. *See* 8 U.S.C. § 1231(a)(6) ("An alien ordered removed . . . may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).") The Supreme Court held in *Zadvydas v. Davis*, 533 U.S. 678 (2001), that § 1231(a)(6) "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas*, 533 U.S. at 689. The Supreme Court recognized six months as a presumptively reasonable period of post-removal-period detention. *Id.* at 701.

9. To state a claim for habeas relief pursuant to *Zadvydas,* an alien must assert facts showing that he has been detained for more than six months after his order of removal became final, *and* that there is no significant likelihood of the alien's removal in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 701. Specifically, the *Zadvydas* Court held:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Zadvydas*, 533 U.S. at 701.

10. Based on the facts alleged in Mr. Dong's Petition, his presumptively reasonable six-month period of post-removal-period detention began on September 3, 2013, and ran through March 3, 2014. While Mr. Dong signed his Petition on March 14, 2014, after the expiration of the presumptively reasonable six-month period, he did not set forth facts indicating that there is good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future. In the absence of such a factual showing, Mr. Dong's detention is authorized by § 1231(a)(6) and *Zadvydas* does not require the government to respond with facts to rebut that showing. *See Zadvydas*, 533 U.S. at 701 ("After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."); *see also Barenboy v. Attorney General of U.S.*, 160 F. App'x 258, 261 n.2 (3d Cir. 2005) ("Once the six-month period has passed, the burden is on the alien to provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future . . . . Only then does the burden shift to the Government, which must respond with evidence sufficient to rebut that showing") (citation and internal quotation marks omitted).

11. Moreover, *Zadvydas* does not require a hearing unless Mr. Dong has been detained beyond the presumptively reasonable six month period *and* he alleges facts showing that there is no significant likelihood of removal in the reasonably foreseeable future. *Zadvydas*, 533 U.S. at 701.[3]

---

[3] This Court declines to adopt the Ninth Circuit's holding in *Diouf v. Napolitano*, 634 F.3d 1081, 1092 (9th Cir. 2011), that "an alien facing prolonged detention under § 1231(a)(6) is entitled to a bond hearing before an immigration judge and is entitled to be released from detention unless the government establishes that the alien poses a risk of flight or a danger to the community."

12.     The instant Petition must be dismissed because Mr. Dong has not alleged facts showing that his detention violates the Constitution, laws or treaties of the United States.  *See* 28 U.S.C. § 2241(c)(3).

13.     The dismissal of the Petition is without prejudice to the filing of a new § 2241 petition (in a new case), in the event that Mr. Dong can allege facts indicating that there is no significant likelihood of his removal in the reasonably foreseeable future.  *See Zadvydas,* 533 U.S. at 701.

14.     An appropriate Order accompanies this Memorandum Opinion.

                                s/William J. Martini

                                **WILLIAM J. MARTINI, U.S.D.J.**

Dated: April 9, 2014